UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PROPERTY ONE, INC.

VERSUS

USAGENCIES, L.L.C. AND
AFFIRMATIVE INSURANCE HOLDINGS, INC.

CIVIL ACTION

NO. 11-453-JJB

**RULING ON MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Before the Court is a motion for reconsideration (Doc. 24) filed by defendants USAgencies, LLC, and Affirmative Insurance Holdings, Inc., regarding this Court's ruling in favor of plaintiff Property One, Inc., on the parties' cross-motions for summary judgment. (Ruling, Doc. 21). Property One submitted an opposition to reconsideration (Doc. 27), and defendants filed a reply (Doc. 29). Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. § 1332.

I.

This case revolves around a series of leases defendants entered into with the federal government to which plaintiff claims entitlement to a procurement commission or, in the alternative, recovery under unjust enrichment or detrimental reliance. At one point in their relationship with defendants, plaintiff signed a release which disentitled it to commissions from a certain lease but did not rule out commissions from a "new lease." Defendants filed a motion to dismiss and motion for summary judgment. The Court dismissed the procurement claim against Affirmative but otherwise permitted the remaining claims to survive the attack on the pleading. In deciding the motion to dismiss, the Court was asked by defendants to interpret a contractual release which defendants asserted barred plaintiffs' action. The Court interpreted the release at

1

issue contrary to defendants' position and consistent with, though not identical to, plaintiff's position.

## II. Motion for Reconsideration

### A.

Defendants assert that the Court erred in failing to dismiss plaintiff's alternatively pled complaint because Louisiana does not permit the equitable claims raised here to even be contained in the same complaint as a claim at law. Defendants cite no federal law to support this and rely wholly on Louisiana law. Fed. Rule Civ. P. 8(d) permits alternative and inconsistent pleading, and defendants have not conducted an *Erie* analysis showing that the Louisiana cases cited constitute a substantive rather than procedural aspect of state law. *Cf.* 6 A.L.R.2d 10, § 1[c] (stating that "courts have given but little attention to this problem" when determining which state law to apply in cases of successive actions in different states advocating inconsistent theories). Crucially, the doctrine of election of remedies, the basis on which defendants argue plaintiff's claims must fail, has been abolished for purposes of federal court pleadings. *See, e.g., O'Hare v. Graham*, 2011 WL 5599435, at *7 (5th Cir. Nov. 17, 2011) (holding that "[t]he risk of double recovery that the election of remedies doctrine is meant to protect against does not fit" outside the context of advocating inconsistent theories at trial); *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1370-71 (7th Cir. 1990) (Posner, J.) (noting federal abolition of election of remedies doctrine for purposes of pleading by virtue of Rule 8's adoption). Sans a convincing *Erie* showing that Rule 8 should not apply here, the Court finds that the plaintiff may permissively plead both causes of action. Fed. Rule Civ. P. 8(d)(2); *see also* 35A Corpus Juris Secundum, Federal Civil Procedure § 322.

2

Moreover, the reasoning of the two cases cited by defendants does not support defendants' description. The *Walters* plaintiff had a viable tort action, which the plaintiff allowed to prescribe before filing suit. *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 245, 246 (La. 2010). Once the judgment became final deeming his tort claim prescribed, he amended his petition to allege unjust enrichment. *Id.* The *Walters* court found that the once-available tort claim precluded his later-filed unjust enrichment claim. *Id.* Likewise, *Carriere v. Bank of La.*, 702 So.2d 648 (La. 1996), does not stand for the blanket proposition that no plaintiff may ever plead an unjust enrichment claim alongside a claim which would grant a remedy at law. *Carriere* was not cited by defendants in their motion to dismiss and at any rate does not support the bold claim that an equitable remedy cannot be pled alongside a legal remedy *when the legal remedy has not been proven available* to the plaintiff. Carriere held only that where a plaintiff can contractually recover from a defendant, recovery under unjust enrichment is improper. 702 So.2d at 658. Nothing in that opinion compels an election of remedies between a contractual theory and an unjust enrichment theory prior to filing a complaint.

Thus, if anything, the Court must backtrack on some of its language in the ruling recognizing the broadness of the *Walters* case. Reduced to its core, defendants' argument relies on the flimsy reed of *Walters* (by reading it to prevent a pleading from inconsistently pleading two separate theories of recovery from the outset instead of reading it as a preclusion case), attempts to extend the *Walters* rule beyond the scope of the facts presented in that case, and fails to address why *Erie* would compel application of *Walters'* supposed pleading rule in federal court, where Rule 8 has abolished election of remedies and permits inconsistent pleadings of the type present here. In sum, defendants' argument that they are entitled to reconsideration on this issue has no merit whatsoever.

3

B.

Defendants also contend the court failed to properly interpret the contractual release at issue in the summary judgment portion of the Court's ruling. Mere disagreement with a ruling, absent new facts or new law, is rarely a proper basis for filing a motion to reconsider. For obvious reasons, courts are loath to admit their decisions are "manifestly erroneous" based on the same evidence and arguments previously presented. And arguments that were not previously presented, but could have been, are likewise inappropriate means of obtaining a reconsidered decision. Judicial resources are ill spent rehashing the same arguments that were or could have been presented. The appeals process is generally the proper way to get a second opinion of a legal issue already decided. Suffice it to say that the Court stands by its initial interpretation of the release and is satisfied that decision was not manifestly erroneous. Contrary to defendants' contentions, the Court made no factual assumptions in construing the plain text of the release and the documents it incorporates and references. Defendants pepper their motion with facts which they argue show the illogic or faulty assumptions of the Court's interpretation of the release. The Court made its best effort to determine the meaning of the language, found the language unambiguous under the totality of the circumstances, and simply stated what it interpreted it to mean. *See* La. C.C. art. 2046. Defendants' arguments go to factual issues of intent that are inappropriate when the words are clear. *Id.* Since the result the Court reached was not absurd, *see id.*, the fault for any "illogic" of the release's meaning lays squarely at the feet of the defendants, who agreed to a contract they now find unsatisfactory.

III. Motion for Certification of Interlocutory Appeal

Defendants seek in the alternative an order permitting them an interlocutory appeal of the summary judgment denial on the issue of the release's interpretation. An interlocutory appeal

4

may be authorized by a district court in a civil case when there exists "a controlling question of law as to which there is substantial ground for difference of opinion and than an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Mere disagreement, even if vehement, with a ruling does not establish substantial ground for difference of opinion. *See, e.g., Nat'l Community Reinvestment Coalition v. Accredited Home Lenders Holding Co.*, 597 F.Supp.2d 120 (D.D.C. 2009). A decision to permit an interlocutory appeal permits the appellate court, if it decides to exercises its discretion to hear the case, to consider the entirety of the order, not just the question framed by this Court. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996).

Interpretation of a contract, including whether or not ambiguity exists in a contract, is a question of law. *See, e.g., Smith v. American Family Life Assurance Co. of Columbus*, 584 F.3d 212, 215 (5th Cir. 2009). But as plaintiffs correctly point out, this case involves only a garden-variety contract dispute—important to the parties, to be sure, but not a question of broader applicability. Because a "substantial ground for difference of opinion" usually only arises "out of a genuine doubt as to the correct applicable legal standard relied on in the order," *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665 (S.D.N.Y. 2011), this case seems ill-suited for interlocutory appellate treatment. *See, e.g., Gieringer v. Cincinnati Ins. Cos.*, 2010 WL 2572054, at *3 (E.D. Tenn. June 18, 2010) (collecting cases and finding that challenge to court's application of law to the facts does not satisfy § 1292(b)).

## ORDER

Accordingly, the motion for reconsideration is DENIED.

In addition, the motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is also DENIED.

Signed in Baton Rouge, Louisiana, on February 10, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**